IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

GALICANO ALEA, )
)
       Plaintiff, )
)
v. ) Case No. 6:24-cv-01147
)
CITY OF GARDEN CITY, KANSAS, et al., )
)
       Defendants. )

### ANSWER TO COMPLAINT

Defendants, the City of Garden City, Kansas, Scott Ptacek, and Julian Garcia ("Defendants") answer Plaintiff's Complaint as follows:

1. All allegations not expressly admitted herein are denied.

2. Defendants lack knowledge or information sufficient to admit or deny the allegations of ¶ 1 and for that reason deny the same.

3. Paragraphs 2, 3, 4, 5, 6, and 7 are admitted.

### ALLEGATIONS COMMON TO ALL COUNTS

4. Defendants lack knowledge or information sufficient to admit or deny the allegations of ¶¶ 8, 9, 10, 11, 12, and 13 and for that reason deny the same.

5. Paragraphs 14 and 15 are admitted.

6. In response to ¶ 16, Defendants admits that Plaintiff was stopped when Officer Garcia approached.

7. Paragraph 17 is admitted.

8. In response to ¶ 18, Defendants admit that Plaintiff denied taking pictures of children. Defendants lack knowledge or information sufficient to admit or deny the remaining allegations of ¶ 18 and for that reason deny the same.

{O0387593}

9. In response to ¶ 19, Defendants admits Officer Garcia made a remark to the effect of, "It looked like you had your phone out and like you were taking pictures of the kids."

10. Paragraphs 20, 21, 22, 23, and 24 are admitted.

11. In response to ¶ 25, Defendants admits Officer Garcia told Plaintiff that if he suspected him of committing a crime, he could stop him. All other allegations of ¶ 25 are denied.

12. In response to ¶ 26, Defendants admit that Plaintiff told Defendant Garcia something to the effect of "suspicion of criminal activity is not a crime." All other allegations of ¶ 26 are denied.

13. Paragraphs 27 and 28 are admitted.

14. In response to ¶ 29, Defendants admits that Plaintiff made a remark to the effect of, "This is ridiculous. I didn't take a picture of them." Defendants lack knowledge or information sufficient to admit or deny the remaining allegations of ¶ 29 and for that reason deny the same.

15. In response to ¶ 30, Defendants admits that Plaintiff attempted to record the interaction between he and Officer Garcia. Defendants lack knowledge or information sufficient to admit or deny the remaining allegations of ¶ 30 and for that reason deny the same.

16. Paragraph 31 is admitted.

17. In response to ¶ 32, Defendant admits that Officer Garcia told Plaintiff that he saw him facing the kids, turn around as the kids were walking by with him phone up, that he (Officer Garcia) did not know what Plaintiff was doing, and that he believed he had reasonable suspicion to stop and make contact with Plaintiff to find out what he was doing. All other allegations of ¶ 32 are denied.

18. In response to ¶ 33, Defendants admit that Plaintiff told Officer Garcia that "suspicion is not a crime." All other allegations of ¶ 33 are denied.

19. In response to ¶ 34, Defendants admit that Officer Garcia made a remark to the effect of, "What I'm seeing right now, it gives me enough to stop and talk to you and figure out what is going on." All other allegations of ¶ 34 are denied.

20. Paragraphs 35 and 36 are admitted.

21. In response to ¶ 37, Defendants admit that Plaintiff made a remark to the effect of, "My name? No. That's illegal" Defendants lack knowledge or information sufficient to admit or deny the remaining allegations of ¶ 37 and for that reason deny the same.

22. In response to ¶ 38, Defendants admit Defendant Garcia told Plaintiff that asking for his name was neither illegal nor unlawful.

23. Paragraphs 39 and 40 are admitted.

24. Paragraph 41 is denied.

25. Paragraphs 42, 43, 44, 45, and 46 are admitted.

26. In response to ¶ 47, Defendants admit that Sergeant Matt Cole arrived at the scene at some point in the encounter. Defendants lack knowledge or information sufficient to admit or deny the remaining allegations of ¶ 47 and for that reason deny the same.

27. Paragraph 48 is denied.

28. Paragraphs 49, and 50 are admitted.

29. In response to ¶ 51, Defendants admit that Sergeant Cole informed Plaintiff he was free to go and directed him to leave the area, remarking that he was "being a total jackass." All other allegations of ¶ 51 are denied.

30. Paragraph 52 is denied.

31. Paragraph 53 is admitted.

32. In response to ¶ 54, Defendants admits that at some point after Plaintiff's interaction with Officer Garcia, SRO Ptacek stopped Plaintiff after finding him on school grounds. All other allegations of ¶ 54 are denied.

33. Paragraphs 55, 56, and 57 are admitted.

34. In response to ¶ 58, Defendants admits that Defendant Garcia was on-scene at some point after Defendant Ptacek discovered Plaintiff on school grounds. All other allegations of ¶ 58 are denied.

35. In response to ¶ 59, Defendants admit that Defendant Ptacek told Plaintiff that he must give him his name, tell him why he was there, and why he might be videotaping kids. All other allegations of ¶ 59 are denied.

36. Paragraphs 60, 61, 62, and 63 are admitted.

37. Defendant lacks knowledge or information sufficient to admit or deny the allegations of ¶ 64 and for that reason denies the same.

38. Paragraph 65 is admitted.

39. In response to ¶ 66, Defendant admits that SRO Ptacek arrested Plaintiff. The remaining allegations of ¶ 66 are denied.

40. Paragraph 67 is admitted.

41. Paragraph 68 is admitted, although it omits the critical detail that the charges were dismissed in exchange for Plaintiff's agreement not to enter onto school property again.

42. Paragraph 69 is admitted, although it omits the critical detail that the charges were dismissed in exchange for Plaintiff's agreement not to enter onto school property again.

43. Paragraph 70 is admitted.

44. In response to paragraph 71 Defendants admit that in *Kolender* the Unites States Supreme Court held that a California statute was vague. All other allegations are denied.

45. Paragraphs 72 and 73 are denied.

### COUNT I: 42 U.S.C. § 1983 – Wrongful Arrest

46. In response to ¶ 74, Defendants incorporate their response to the preceding paragraphs as if fully set forth herein.

47. Paragraph 75 is a pure legal conclusion and is denied on that basis.

48. Paragraphs 76 and 77 are admitted.

49. Paragraphs 78, 79, and the prayer for relief in Count I are denied.

### COUNT II: 42 U.S.C. § 1983 – *Monell* Liability – Failure to Train

50. In response to ¶ 80, Defendants incorporate their response to the preceding paragraphs as if fully set forth herein.

51. Paragraph 81 is a pure legal conclusion and is denied on that basis.

52. Paragraphs 82, 83, 84, and the prayer for relief in Count II are denied.

### DEFENSES AND AFFIRMATIVE DEFENSES

1. Plaintiff's Complaint fails to state a claim upon which relief may be granted.

2. Defendants Ptacek and Garcia are entitled to qualified immunity from Plaintiff's claims.

3. Defendants deny engaging in any wrongful or unlawful conduct whatsoever and further denies that Plaintiffs are entitled to any legal or equitable relief.

4. Any action taken by Defendants was not the result of unlawful or unconstitutional motives, was not retaliatory, and would have occurred based on legitimate, lawful, and independent reasons regardless of Plaintiff's protected conduct, if any.

5. Any action taken by Defendants was not a willful violation of the law.

6. Plaintiffs fail to state a *Monell* claim against Defendant City of Garden City, Kansas.

7. Defendants reserve the right to assert that Plaintiffs have failed to mitigate damages by failing to undertake reasonable efforts to obtain comparable subsequent employment, to the extent revealed through discovery.

8. Defendants deny that their conduct has caused Plaintiffs any damages, and denies causation, the nature, and extent of Plaintiffs' damages.

9. Defendants reserve the right to assert and plead additional affirmative defenses when facts supporting said affirmative defenses become known and available to them.

WHEREFORE, based upon the above and foregoing, Defendants respectfully pray to be henceforth dismissed, awarded costs and expenses herein incurred and expended, together with such other and further relief as this Court deems just and appropriate.

Respectfully submitted,

FISHER, PATTERSON, SAYLER & SMITH, LLP

/s/Andrew D. Holder
Andrew D. Holder                KS #25456
9393 W. 110th St., Suite 300
Overland Park, Kansas 66210
(913) 339-6757; Fax: (913) 660-7919
AHolder@FPSSLaw.com
**ATTORNEY FOR DEFENDANTS**

{O0387593}

## CERTIFICATE OF SERVICE

       I certify that on October 8, 2024, I electronically filed the foregoing with the Court and that an electronic notice of filing and a copy of the foregoing will automatically be sent to:

Joseph T. Welsh
207 S. Inman St.
PO Box 606
Sublette, Kansas 67877
(620) 510-5030
(620) 510-5029 Fax
joe@jtwelshlaw.com
**ATTORNEY FOR PLAINTIFF**

                              /s/ Andrew D. Holder
                              Andrew D. Holder, #25456

{O0387593}